CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 19 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP BRENT DIAMOND,<br>　　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>MOHAWK INDUSTRIES,<br>　　　　　　　　　　　　*Defendant.* | CASE NO. 6:12-cv-00057<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Pending before the court is Plaintiff's motion to proceed *in forma pauperis* (docket no. 1), which I will grant. However, for reasons set forth below, I will dismiss Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

A district court must evaluate a complaint filed *in forma pauperis* and dismiss it if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and to exclude suits that have no arguable basis in law or fact.") (citation and internal quotations omitted).

A pro se litigant's pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Thus, this Court may not

1

dismiss an action under Section 1915 "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (citation and internal quotations omitted). Here in this case, Plaintiff's October 11, 2012 Complaint fails to state a claim upon which relief can be granted.

## II.

Plaintiff brings this action under Title VII of the Equal Employment Opportunities Act, 42 U.S.C. § 2000e *et seq.*[1] In his Complaint, Plaintiff states that he submitted several applications to work for Mohawk Industries, which has a branch where Plaintiff resides in Glasgow, VA. *See* Compl. 3. Plaintiff alleges that the human resources department there "either lost, tampered with or just shoved [his applications] to the back of the pile." *Id.* Plaintiff states that an employee in Defendant's human resources department "lied continually about the hiring [process] and was very rude and disrespectful." *Id.* Further, Plaintiff alleges that the same employee "told [him] on one occasion that [Defendant] only hires a select group of people." *Id.* Plaintiff seeks damages for "2 ½ years of little or no work," as well as for "emotional stress." *Id.* at 5.

Though Plaintiff does not reference Title VII or discrimination in his Complaint, it appears he is alleging that he faced discrimination during the job application stage. To prove a prima facie case of discriminatory failure to hire under Title VII, the burden is on the plaintiff to show that he was treated less favorably than a similarly-situated job applicant from outside of the

---

[1] Plaintiff initially filed a complaint with the Equal Employment Opportunities Commission, which dismissed his action and informed him of his rights to sue. Plaintiff did not disclose the date of that initial filing, though Plaintiff states that he filed the instant Complaint with the Court within 90 days of receiving notice from the Commission. *See* Compl. 1-2.

2

plaintiff's protected Title VII class. *Brown v. Runyon*, 1998 WL 85414, at *1 (4th Cir. 1998 Feb. 27, 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Specifically, under the *McDonnell Douglas* framework, Plaintiff must show that he (i) is a member of a protected class; (ii) that he applied and was qualified for a job for which Mohawk Industries was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and Mohawk Industries continued to seek applicants from persons of Plaintiff's qualifications. *See Alvarado v. Board of Trustees of Montgomery County*, 928 F.2d 118, 121 (4th Cir. 1991) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).

Plaintiff does not allege that he is a member of a protected class in his Complaint. Further, Plaintiff fails to describe the position for which he applied, or whether there were specific job openings. Plaintiff does not allege that he was qualified for the position, and he does not state that Defendant continued to seek applicants with similar qualifications after his rejection. Instead, Plaintiff states that he was treated rudely by Defendant's employee, and that he was told "on one occasion that [Defendant] only hire[s] a select group of people."[2] Compl. at 3. While Plaintiff may be alluding to what he perceived to be discrimination, even when liberally construing his Complaint, Plaintiff has not pled sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," or that there is "more than a sheer possibility that [the] defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[2] As stated, Plaintiff does not allege that he is a member of a protected class, and it is unclear at this point what Plaintiff believes regarding the potential significance of that alleged statement, given the fact that Plaintiff also discloses that he is a "young man with a record" and without much recent work experience. Compl. at 4.

3

## III.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Therefore, pursuant to U.S.C. § 1915(e)(2)(B), the Court will dismiss the Complaint, without prejudice, in an Order to follow.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record, and to the Plaintiff.

Entered this \_\_19th\_\_ day of October, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE