CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 2 8 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| PHILLIP BRENT DIAMOND, | | CASE NO. 6:12-cv-00057 |
| | *Plaintiff,* | |
| v. | | MEMORANDUM OPINION |
| MOHAWK INDUSTRIES, INC. | | |
| | *Defendant.* | JUDGE NORMAN K. MOON |

Pending before the court are Phillip B. Diamond's ("Plaintiff") motions for summary judgment, which he filed on January 18, 2013, and May 21, 2013. Defendant filed a response, in which it requested an award for attorney's fees for having to respond to Plaintiff's motions, and Plaintiff filed a reply. No hearing on Plaintiff's motions has been scheduled. For the following reasons, I will deny Plaintiff's motions for summary judgment, and decline to award attorney's fees to the Defendant.

## I.  BACKGROUND

Plaintiff filed his motion to proceed *in forma pauperis* on October 11, 2012, and I granted his amended complaint on October 31st. In his amended complaint, Plaintiff alleges that he was not rehired by the Defendant, despite his qualifications, because of his race. Plaintiff filed his first motion for summary judgment in January 2013, on account that Defendant did not respond to the two-page "Bill of Particulars" that Plaintiff had attached to his amended complaint. Plaintiff filed another motion for summary judgment in May, in which he noted that Defendant had still not responded to his Bill of Particulars while arguing that Defendant had deliberately delayed his efforts to complete service of process. From the filings of both parties, it appears that Defendant has yet to be properly served in this case.

1

## II.  LEGAL STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

When considering a motion for summary judgment, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The party seeking summary judgment bears the burden of showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. If the moving party sufficiently supports its motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts illustrating genuine issues for trial. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citation omitted). On those issues for which the non-moving party has the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in the rule. Fed. R. Civ. P. 56(c); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993).

The court's role is to determine whether there is a genuine issue based upon the facts, and "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249.

However, the trial court has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24). At the summary judgment stage, the non-moving party must come forward with more than "'mere speculation or the building of one inference upon another'" to resist dismissal of the action. *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

## III. DISCUSSION

Summary judgment is not appropriate at this time. While the parties' accounts differ slightly as to why Defendant has not been served, the fact remains that Defendant has yet to respond to Plaintiff's complaint, and no discovery has been exchanged. Nor has Plaintiff submitted any admissible evidence to support his case for workplace discrimination. For this reason alone, Plaintiff's motions for summary judgment must be denied.

The bulk of Plaintiff's motions, and Defendant's response, however, discuss allegations pertaining to service of process in this case, and so I will address those issues now. As a plaintiff proceeding *in forma pauperis*, Plaintiff is entitled to the assistance of the U.S. Marshals to effect service on the Defendant. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). *See also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, for the Marshals to do so, Plaintiff must submit a properly completed summons and a copy of his complaint for each named defendant. Furthermore, Plaintiff must

3

provide sufficient information so that the Marshals can locate the defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir. 2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (stating that "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of [Fed. R. Civ. P.] 4(m)."); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

In his filings, Plaintiff details the various efforts he has taken to effect service in this case. Following Plaintiff's attempt to serve a colleague of Defendant's counsel in March, he was informed by that attorney that CT Corporation System was the appropriate registered agent in Virginia. However, CT Corporation System returned the summons that Plaintiff eventually sent, informing Plaintiff in a letter dated May 6, 2013, that "Mohawk Inc. is not listed on our records or on the records of the State of VA." While CT Corporation is indeed Defendant's registered agent, Defendant explains that "[its] proper name is Mohawk Industries, Inc., not Mohawk, Inc. . . . [and] [a] registered agent cannot accept service for a company with which it does not have a relationship."[1] Defendant later offered to accept service if Plaintiff withdrew his motion for summary judgment.

The court is under a duty to assist Plaintiff in serving the Defendant, given his *in forma pauperis* status. Therefore, it is ordered that, within twenty (20) days of the accompanying order, Plaintiff must submit to the clerk of the court a properly competed summons, featuring the Fairfax, VA business address listed for Defendant's counsel of record, along with sufficient copies of his amended complaint. If Plaintiff fails to submit the summons within the time

---

[1] According to Plaintiff, his summons listed Defendant as "Mohawk Industries", not "Mohawk, Inc."

allowed, this action may be dismissed for failure to prosecute and to comply with the accompanying order.

Lastly, I will not award Defendant the attorney's fees it incurred in responding to Plaintiff's summary judgment motions. A court may award attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) to a prevailing defendant in a Title VII case if it finds the plaintiff's suit to be "'frivolous, unreasonable, or groundless, or [where] the plaintiff continued to litigate after it clearly became so.'" *Lotz Realty Co. v. U.S. Dep't of Hous. and Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694 (1978)). While Plaintiff has no grounds upon which to file a summary judgment motion at this time, his confusion as a pro se plaintiff during his documented efforts to serve Defendant— including the response he received from Defendant's registered agent—appears to be genuine. Plaintiff's most recent memorandum focuses exclusively on those efforts to serve the Defendant, rather than the legal merits of his Title VII claim. As Defendant acknowledged, it is under no obligation to respond to any filing before it has been properly served. Given the unique procedural stage that Plaintiff's motions for summary judgment are before the court, and his pro se status, I will not award attorney's fees at this time.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motions for summary judgment are denied. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion to Plaintiff and all counsel of record.

Entered this $2\text{-}8\text{th}$ day of June, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

6