IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP BRENT DIAMOND,<br><br>                                *Plaintiff,*<br><br>        v.<br><br>MOHAWK INDUSTRIES, INC.,<br><br>                                *Defendant.* | CASE NO. 6:12-cv-00057<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

       This matter is before the Court on Defendant Mohawk Industries' Motion to Dismiss and for Sanctions ("Motion to Dismiss") (docket no. 32). Mohawk Industries ("Defendant" or "Mohawk") moves this Court to dismiss Plaintiff Phillip Brent Diamond's amended complaint (docket no. 8), with prejudice, under Federal Rules of Civil Procedure 37(b) and 41(b) because Phillip Brent Diamond ("Plaintiff" or "Diamond") has failed to prosecute his case and has failed to comply with a discovery order. Mohawk also requests that this Court award it the costs and reasonable attorney's fees it incurred in attempting to take Diamond's deposition, for which he twice failed to appear. For the reasons that follow, I will grant Mohawk's motion in part, and deny it in part, and will dismiss this case with prejudice.

I. BACKGROUND

       On October 11, 2012, Diamond filed his complaint, *pro se* and *in forma pauperis*, under Title VII of the Equal Employment Opportunities Act, 42 U.S.C. § 2000e *et seq*,[1] claiming Mohawk refused to hire him at its Glasgow, Virginia plant because of his race. On October 19,

---

[1] Plaintiff initially filed a complaint with the Equal Employment Opportunities Commission, which dismissed his action and informed him of his rights to sue. Plaintiff did not disclose the date of that initial filing, though Plaintiff states that he filed the original Complaint with the Court within 90 days of receiving notice from the Commission. *See* Compl. 1-2; Am. Compl. 8 (noting right to sue letter mailed on July 25, 2012).

1

2012, I dismissed Diamond's complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. On October 29, 2012, Diamond filed what I construed to be a motion to amend or correct his complaint, asking the Court to allow him to allege facts this Court had found wanting in his first complaint, including some he had meant to include with his original complaint. On October 31, 2012, I found good cause to allow Diamond to amend his complaint and granted his motion to amend, reinstating his case. Diamond filed an amended complaint on October 31, 2012, attaching a "bill of particulars" with additional information.

In his amended complaint (docket no. 8), Diamond claims he faced discrimination at the job application stage. He alleges that he submitted several applications to work for Mohawk Industries, which has a branch where Diamond resides in Glasgow, VA. *See* Am. Compl. 3. Plaintiff alleges that the human resources department there "either lost, tampered with or just shoved [his applications] to the back of the pile." *Id.* Diamond states that an employee in Mohawk's human resources department "lied continually about the hiring [process] and was very rude and disrespectful." *Id.* Further, Diamond alleges that the same employee "told [him] on one occasion that [Defendant] only hires a select group of people." *Id.* Diamond seeks damages for "2 ½ years of little or no work," as well as for "emotional stress." *Id.* at 5. In his bill of particulars attached to the amended complaint, Diamond restates some of the same information from his original complaint and poses questions to Mohawk about its hiring practices, specifically practices related to hiring African Americans and rehiring applicants who had quit or been fired in the past. *See* Am. Comp. 9–10.

After Diamond filed his amended complaint, he struggled to properly serve Mohawk. Eventually, service was accomplished and Mohawk filed an answer to Diamond's amended complaint on August 8, 2013. In August 2013, the Clerk of this Court spoke with Diamond in

scheduling the April 14, 2014 court trial in this case. That same month, Diamond and Mohawk attempted to begin the discovery process, but only exchanged initial disclosures because of the difficulty of contacting Diamond. Mohawk requested that Diamond contact Mohawk to schedule a Rule 26(f) planning conference on August 19, 2013, and served its initial disclosures on Diamond on September 11, 2013, again requesting contact for the scheduling conference. *See* Def.'s Mot. to Compel ¶¶ 3–6. On September 26, 2013, Mohawk served its written discovery on Diamond asked Diamond to provide dates on which he could be deposed. *Id.* at ¶ 7. In the meantime, Mohawk sent correspondence to two different addresses associated with Diamond and attempted to contact Diamond by telephone.

Mohawk heard nothing until September 26, 2013, when it received an email from "William Dock, Jr." at wmdock@hotmail.com, with Diamond's disclosures attached to the email. *Id.* at ¶ 8. Mohawk attempted to confirm this was a good email address at which to contact Diamond on October 11, 2013, and forwarded the September 26, 2013 letter and written discovery to that email. *Id.* at ¶ 9. Discovery proceeded without any direct contact with Diamond. On October 14, 2013, Diamond left a voice mail with Mohawk's counsel giving a phone number at which to reach Diamond, but Diamond did not answer Mohawk's call later that week, nor indicate he had received Mohawk's voice mail. *Id.* at ¶¶ 10–11. On November 12, 2013, Mohawk received Diamond's responses to Mohawk's first set of interrogatories, along with Diamond's written discovery. *Id.* at ¶ 12. The return address on those documents was listed as "432 Pocahontas Street, Glasgow, Virginia 24555." *Id.* at ¶ 12. Mohawk had attempted to send letters and discovery to this address, and it was (and remains) the address for Diamond listed on file with this Court.

Diamond's response to Mohawk's first set of interrogatories in November 2013 was the last time anyone has heard directly from Mr. Diamond.[2] Diamond failed to respond to: (1) Mohawk's first request for production of documents; (2) Mohawk's discovery responses and November 27, 2013 request for convenient deposition dates, proposing two dates for the deposition and warning Diamond that Mohawk would select one if he did not respond; (3) a notice of deposition sent by mail and email on December 16, 2013, scheduling the deposition for January 7, 2014 in Lexington, Virginia; and (4) a January 2, 2014 email to confirm the January 7, 2014 deposition. Def.'s Mot. to Compel ¶¶ 13–19.

On January 7, 2014, Mohawk's counsel waited at the designated location for Diamond and called him on the phone number he had provided, with no success. *Id.* at ¶ 20–21. Mohawk accordingly filed a Motion to Compel (docket no. 30) with this Court on January 14, 2014, asking the Court to compel Diamond's presence at a deposition and asking for an extension of deadlines. Magistrate Judge Robert S. Ballou granted the Motion to Compel on January 21, 2014, ordering Diamond to respond to the first request for production of documents within 14 days and allowing Mohawk to schedule a deposition within 21 days, for which it could subpoena Diamond under Rule 45. Order on Mot. to Compel (docket no. 31). The order warned Diamond that he had "an obligation to engage in discovery" and that "[a]lthough *pro se* litigants are given

---

[2] On April 4, 2014, the Court received a letter from Morehead Diamond, listing addresses within the submission at both 432 Pocahontas Street, Glasgow, VA 24555, and at 1217 Anderson Street, Glasgow, VA 24555. In the letter, Morehead Diamond attempted to make representations on Diamond's behalf about his failure to respond or communicate, and moved to continue the case on his behalf because Diamond was "unable to communicate since December 2013" and was "still detained and unable to communicate for a couple more weeks." *See* Letter, Ex. 1 (docket no. 34). The letter enclosed another letter dated January 30, 2014, also by Morehead Diamond, postmarked on February 3, 2014, informing the Court that Diamond was "unable to communicate with the courts as well as attorneys for the defense at this time" and asking on his behalf for an extension of deadlines and to allow Morehead Diamond to pursue the case as Diamond's advisor. *Id.* at 5–6. Only the *pro se* plaintiff, an attorney qualified to practice in this district, or some other qualified legal representative may submit filings in this case. *See generally* W.D. Va. Gen. R. 6. Therefore, I will not take account of Morehead Diamond's filing. The Court informed Morehead Diamond of this with a return letter on April 4, 2014.

some leeway by courts, they are not immune from sanctions under the Federal Rules of Civil Procedure, including dismissal for failure to obey court orders." *Id.*

Mohawk scheduled Diamond's deposition for February 4, 2014, in the same location, and mailed notice to the two different addresses on file on January 22, 2014. Def.'s Mot. to Dismiss ¶ 5. In accordance with Judge Ballou's order, Mohawk also served a Rule 45 subpoena on Diamond by mail, commanding his appearance. *See* Def.'s Mot. to Dismiss, Ex. 1. Mohawk again waited for Diamond on February 4, 2014, at the designated location. Diamond did not appear or contact Mohawk about his absence. *Id.* at ¶¶ 6–7.

On February 7, 2014, Mohawk filed its Motion to Dismiss, requesting that this Court dismiss Diamond's claims under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with a discovery order. On March 19, 2014, this Court issued Diamond a notice under *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir.1975), giving him twenty-one days to respond to Mohawk's Motion to Dismiss and informing Mr. Diamond that if he did not respond, the Court might dismiss his case for failure to prosecute. *See Roseboro* Notice (docket no. 33). The Court mailed this notice on March 19, 2014, to 432 Pocahontas Street, Glasgow, Virginia, 24555, the address it has on file for Mr. Diamond. Diamond had until April 9, 2014, to respond.

After reviewing the pleadings and other filings, I find it appropriate to dispense with oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 11(b). Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

## II. LEGAL STANDARD

A *pro se* litigant's pleadings are to be liberally construed, and courts may grant *pro se* litigants some leeway for mistakes they may inadvertently make in prosecuting their cases. *See*

*generally Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, as Judge Ballou and this Court have warned Mr. Diamond, *pro se* litigants must respond to discovery requests and obey court orders, or risk sanctions and dismissal under the Federal Rules of Civil Procedure.

The Rules provide that a court may dismiss a case or otherwise sanction a plaintiff for failing to prosecute his case, or for otherwise failing to follow court orders. Rule 37(b)(2) provides that when a party fails to obey a discovery order, a court may, among other things:

> (iii) strik[e] pleadings in whole or in part;
> (iv) stay[] further proceedings until the order is obeyed;
> (v) dismiss[] the action or proceed[] in whole or in part;
> (vi) render[] a default judgment against the disobedient party; or
> (vii) treat[] as contempt of court the failure to obey any order . . . .

Fed. R. Civ. P. 37(b)(2)(A). When examining whether to impose sanctions under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

Under Rule 41(b), a court may also dismiss a case for the plaintiff's failure to prosecute or comply with court orders if a defendant moves to dismiss the case. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974) and 9

Wright & Miller, Federal Practice and Procedure § 2370, at 216–17). Against this public policy, a district court should balance

> considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has found that the standards for dismissing a case under Rules 37 and 41 are "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994) (unpublished). Therefore, I will conduct the analysis uniformly, with both rules in mind.

### III. DISCUSSION

Courts hesitate to dismiss a complaint with prejudice, especially one submitted *pro se*, because public policy weighs in favor of deciding cases on their merits. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Certainly, a court should not dismiss a *pro se* plaintiff's complaint for good-faith failure to follow procedural technicalities, which can be due to a lack of knowledge about the legal system. *See, e.g.*, *Gantt v. Sutton*, 225 F. App'x 197, 198 (4th Cir. 2007) (per curiam) (finding a district court should not have dismissed a *pro se* complaint with prejudice, despite its failure to comply with Federal Rule of Procedure 8(a) after the court had ordered the plaintiff to submit an amended complaint complying with that rule); *Snyder v. Hopkins*, 888 F.2d 1387 (4th Cir. 1989) (per curiam) (directing district court to reinstate *pro se* plaintiff's case, even though plaintiff had not contacted the court about his case for two years, because the court bore some blame for the delay and confusion, and plaintiff's failure to obey the court's order to supply it with his new address upon release from imprisonment was minor).

However, even *pro se* litigants must obey court orders and follow discovery procedures, or face sanctions by the courts. *See Zaczek v. Fauquier County,* 764 F. Supp. 1071, 1077 (E.D. Va. 1991). In *Silvious v. RR Donnelley & Sons*, No. 5:10-cv-00116, 2011 WL 3846775, at *2–3 (W.D. Va. Aug. 29, 2011), a court in this district dismissed a *pro se* plaintiff's complaint under Rules 37(b) and 41(b) for his failure to appear at a deposition in defiance of a court order. The plaintiff stopped communicating with defense counsel, would not respond when his deposition was rescheduled, and failed to appear at that deposition despite an order from the court compelling him to appear. *Id.* at *1–2. When the defendant filed a motion to dismiss, plaintiff failed to respond to that motion despite a notice issued to him under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *Id.* The court in *Silvious* dismissed his case with prejudice, finding that the Rule 41(b) factors weighed in favor of such a sanction. *Id.* at *3; *see also Russell v. Boggs*, No. CIV A 7:08-CV-00467, 2009 WL 2003402 (W.D. Va. July 6, 2009) (dismissing prisoner's case with prejudice for failure to prosecute after he failed to notify the court of his changed address after release from imprisonment, and failed to attend an evidentiary hearing on defendant's motion for summary judgment, later calling to say that "his ride did not show up.").

In the instant case, the Court must weigh public policy that favors deciding cases on their merits against Diamond's lack of communication and failure to comply with discovery procedures and court orders. Despite repeated attempts to contact Diamond, Mohawk has not received any communication from him since late November 2013. Before that time, Diamond submitted and responded to at least some discovery requests, but never confirmed a location at which Mohawk could reach him. In fact, other than receiving his responses and discovery materials, Mohawk was never able to establish any direct communication with Diamond.

Despite proper notice, the Rule 45 subpoena, and Judge Ballou's order on the Motion to Compel, Diamond failed to appear at two properly noticed depositions.

Under the first *Davis* factor, Diamond certainly bears personal responsibility for his delay, disregard, and lack of communication. He is not represented by counsel. It is difficult to tell why Diamond suddenly stopped engaging in discovery or at least attempting communication several months ago, but the fact is that he has made it impossible for Mohawk to obtain the information it needs to proceed with this case. This affects the second *Davis* factor, because Mohawk has been greatly prejudiced by the inability to take Diamond's deposition, communicate with him in any regular fashion about the case, or receive responsive documents from him. In its Motion to Compel, Mohawk requested an extension of discovery deadlines due to these delays, which Judge Ballou denied. At present, the court trial in this matter is scheduled to begin on Monday, April 14, 2014. Diamond's failure to communicate has made it impossible for Mohawk to conduct discovery, much less prepare for that imminent trial.

Furthermore, under the third *Davis* factor, Diamond has a history of delaying this case. At first, that delay stemmed from his inadvertently improper attempts to serve Mohawk, and perhaps it was also inadvertent that Diamond had no steady means of communication with Mohawk as discovery began last fall. But the facts also support the conclusion that Diamond has deliberately delayed this proceeding beginning in November 2013, at the very least through a reckless disregard of Mohawk's need to communicate with him and through disregard of this Court's orders. Diamond has been incommunicado since last December and has not directly notified this Court or Mohawk of his inability to attend depositions or comply with court orders. It is hard to imagine that Diamond could not at least have notified the Court and Mohawk of any changed circumstances that have prevented him from actively prosecuting his case since

December 2013. Diamond has not done so despite this Court's *Roseboro* notice, which required his response by April 9, 2014.

Finally, since apparently neither the Court nor Mohawk can communicate with Diamond, sanctions less harsh than dismissal with prejudice are not appropriate. Evidentiary inferences against Diamond would only help if Diamond would appear for a trial, discovery, or other pre-trial preparations. Dismissal without prejudice is not warranted, given that Diamond persists in not responding after several opportunities to do so, beginning in January 2014.[3] Despite personally speaking with the Clerk of this Court to schedule his April 14, 2014 trial, Diamond ceased all communication with both defense counsel and this Court for the several months leading up to this trial, and now, on the eve of trial, he has still not remedied his default.

The *Davis* factors weigh in favor of dismissing Diamond's case with prejudice. Diamond's delay, refusal or inability to communicate, his drawn-out history of delaying these proceedings, and the lack of any other effective sanction outweigh the public policy favoring deciding cases on their merits. Diamond has simply made it impossible for this Court to decide this case on its merits. This Court must consider its own administrative difficulties and the costs to Mohawk of allowing this case to continue. Therefore, I will dismiss this case with prejudice.

Mohawk also requests attorney's fees and the costs it incurred in twice attempting to take Diamond's deposition. I granted Diamond's motion to proceed in this case *in forma pauperis*,

---

[3] I also note that I have already extended Diamond considerable leeway in granting his motion to amend his complaint and reinstating his case, after initially dismissing it under 28 U.S.C. § 1915. I dismissed Diamond's original complaint because I found he did "not allege that he is a member of a protected class," he "fail[ed] to describe the position for which he applied, or whether there were specific job openings," and Diamond did not allege that "he was qualified for the position [from which he claims he was rejected for racially discriminatory reasons], and he does not state that [Mohawk] continued to seek applicants with similar qualifications after his rejection." *See* Mem. Op. Dismissing Compl. 3 (docket no. 3) (discussing the *McDonnell Douglas* framework in failure to hire cases). Although Diamond's "Bill of Particulars" asked certain questions relevant to some of these deficiencies, it did not fully allege that Diamond "was treated less favorably than a similarly-situated job applicant from outside [his] protected Title VII class," as I instructed in the opinion dismissing his case. *Id.* at 2. I gave Diamond some leeway to continue in discovery given that he was asking some pertinent questions and lacks knowledge about the legal system, but he has shown an unwillingness or inability to diligently pursue that avenue.

which indicates that he likely does not have the resources to pay a monetary penalty. *See* October 31, 2012 Order (docket no. 6). This inference is supported by Diamond's amended complaint, which says he has not been able to secure employment for the last two-and-a-half years. I find dismissal with prejudice is a sufficient and appropriate sanction to impose in this case, and decline to charge Diamond with an additional monetary penalty.

### IV. CONCLUSION

For the foregoing reasons, I hereby GRANT in part and DENY in part Mohawk's Motion to Dismiss (docket no. 32), DISMISS this case WITH PREJUDICE, and instruct the Clerk to strike the case from the active docket of the Court. The court trial scheduled to begin on April 14, 2014, is hereby CANCELED.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record, and to Defendant at 432 Pocahontas Street, Glasgow, VA 24555, and at 1217 Anderson Street, Glasgow, VA 24555.

It is so ORDERED.

Entered this __10th__ day of April, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE